[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Gloria Petruzzelli brings this action for damages against the defendant City of New Haven. She alleges that she fell while walking on a city street on September 11, 1998, and that her fall was caused by a dangerous and defective condition of the roadway. She asks for economic damages to compensate her for expenses related to the medical and rehabilitative treatment for her finger and hand that she injured when she fell, and for non-economic damages.
The condition that caused her to fall was the concrete collar of a storm drain over which she tripped as she and her sister went for a walk in their New Haven neighborhood. The collar was slightly raised above the level of the roadway. The plaintiff and her sister had walked on the roadway dozens, perhaps hundreds, of times and were aware of the existence of this and other storm drains on the route that they regularly took. The drain and the raised collar on which the plaintiff tripped was easily visible as she approached it. Yet she headed straight for it and tripped over it when she got to it.
That a municipality with the responsibility for maintaining miles of roadway and sidewalks cannot possibly take care to make CT Page 15346 each part of its public highways absolutely even and level is, no doubt, among the reasons the legislature has chosen to make recovery by an injured plaintiff dependent upon her ability to prove that the defect was the sole proximate cause of the incident that gave rise to her injuries. The plaintiff has proved every other element of her case by a preponderance of the evidence, including the adequacy of the statutory notice of claim and the existence of a highway defect. The court can conclude that it is more likely than not that the raised lip of the concrete collar had existed for a sufficient period of time that the defendant had constructive notice of the defect. The photos show that part of the raised area had existed long enough to have crumbled or been worn away due to street traffic. But the plaintiff has not shown that the existence of this very modest defect in the road was the sole proximate cause of her fall and resulting injuries.
The plaintiff is charged with the duty to see what there is to be seen and to use reasonable care herself either to walk around such a raised area or to take extra care to raise her feet higher as she steps up to it that she will not catch her foot on it as she advances. The court need not decide, as in the instance of a private entity that controls a premises on which there is a defect, whether the property owner was comparatively more negligent than the plaintiff, thus permitting the plaintiff to recover some of her damages nevertheless. This is not a "negligence" case and the defendant is not a private entity. The court cannot help but conclude in this instance that the plaintiff bears some measure of responsibility for her fall. Her own inattentiveness — and not just the city's failure to remedy a defect — was also a proximate cause of her fall and her injuries and damages.
Accordingly, the court finds the issues in favor of the defendant and enters judgment in favor of the City of New Haven.
Patty Jenkins Pittman Judge of the Superior Court